Chicago v. LMG2 Please step up and identify yourselves. Good morning, Your Honor. Miriam Casper on behalf of the City of Chicago. Good morning, Your Honors. David Gordon here with my colleague Melanie Walker on behalf of LMG2. And you basically know our procedure. It's a normal time. If there are a lot of questions, we'll give you additional time. But don't last forever. I mean, you know, when you've made it, you've made it. Understood. Thank you, Your Honor. All right. Proceed. Thank you. May it please the Court. The Circuit Court gave two reasons for dismissing the City's petition. Both were legal error. This morning, I will explain. First, that the Federal Arbitration Act authorized the City's petition to modify the judgment entered on the arbitration award. And second, that under Illinois law, the ACWA agreement was a proper basis upon which to move for relief from the judgment. The case should be remanded so that the Circuit Court can consider the petition on its merits. Section 13 of the FAA makes a judgment confirming an arbitration award the same as any other judgment. It states that a judgment on an arbitration award, quote, shall have the same force and effect, in all respects as, and be subject to all the provisions of law relating to a judgment and an action. So, Ms. Casper, your theory is that if the case came to court before confirmation of the arbitration award, the court would be powerless to change the arbitrator's award. But after the confirmation of the award in a judgment, they could then do something which they couldn't do beforehand. The court can confirm the arbitration award pursuant to Section 9 of the FAA, which is done as long as there's no challenge under 10 or 11 of the FAA. And at that point, Section 13 allows, once the judgment is entered, Section 13 makes it the same, yes, as any other judgment. Well, you sort of danced around my question, and I understand why. But I'm going to ask it again, because I think this is a critical point to decide this case. You would concede, would you not, that except for the grounds in Sections 10 and 11 of the FAA, before confirmation of the award in a judgment, that a circuit court would have no authority to change the decision on the merits? Right, if it's a challenge to the award, the court is limited to Sections 10 and 11. And so your theory is that somehow, based upon your reading of Section 13, they would have a power after saying, we confirm the judgment, that they did not have before that. I think the powers after it's entered as a judgment are different than they are before it's confirmed as a judgment. And I think there really is no other way to read Section 13. Well, except that the Ninth Circuit in the Chiron Corporation case disagreed with you on that and did read it differently, didn't it? Well, the problem with the Chiron case, Your Honor, is that the Chiron case also said that a judgment on an arbitration award is very different than a regular judgment, which is directly contrary to the plain language of Section 9. So with respect to the Ninth Circuit, that holding should not be followed. But in their holding, they said, Absent an objection on one of the narrow grounds set forth in Sections 10 or 11, the FAA requires the court to enter judgment upon a confirmed award without reviewing either the merits of the award or the legal basis on which it was reached. A judgment upon a decision or order rendered by the court at the conclusion of a judicial proceeding, by contrast, confirms the merits of that decision and goes on. But you reject that reading of it. And you don't see this as really an enforcement provision, although a number of federal and state courts have seen Section 13 as just an enabling section that would allow courts to enforce the judgment as they would any other judgment that had been confirmed or entered. I think enforcement is certainly one purpose of Section 13, but it's not the only purpose. And the plain language really could not be clearer. Again, same force and effect in all respects, and be subject to all the provisions of law relating to a judgment and an action. And a judgment and an action is subject to post-judgment relief statutes as applicable law provides. And that is the basis for the city's petition in this case. And as far as the case law, there are certainly cases that we cite in our brief which do, contrary to the Ninth Circuit, support the plain language of Section 13. AIG Baker, Frazier, Clarendon. Well, AIG is a very interesting case because this AIG Baker II, first of all, runs at odds with a number of other cases. And it had a very strong dissent by Judge Kravitz. And it was a situation, even if you got to it unlike this, where there was a clear double payment or what would clearly be a windfall to one side. And that was the motivating force to, in Judge Kravitz's dissent language, do an end run around the FAA. So there's a distinction in that case. There's an objection in a very well-written dissent. And there was also one of those circumstances, factually, where you have invocation of the old adage that bad facts make bad law. So it does seem to run contrary to Halliburton, doesn't it? No, Your Honor. AIG Baker is just one of several cases that we cite that follow the plain language of Section 13, which, again, is really inarguable. It says in all respects, whatever the facts of AIG Baker were, the holding, as the Court later reaffirmed and explained in Frazier, the same force and effect in all respects as subject to all the provisions of law. And there's really no way to avoid that plain language. Well, first of all, we have a number of cases that say that the purpose of arbitration that's honored in case after case, state and federal, is finality. Right. And really what you have with your reading of Section 13 is a process by which parties contractually agree to eschew the courts as the place to decide their dispute, go through an arbitration hearing, complete that hearing, go to the circuit court asking, as the city did as well as your opponents, for the award to be confirmed, and then, contrary to the concept of finality, thereafter, reopen litigation by trying to undo the result of a process that was contractually agreed upon and really undo so much of the underpinnings of why people go to arbitration in the first place, which is to get a streamlined process at less cost and get finality. If I could take that in a few pieces, you're right. Any number of pieces you want. Thank you. To begin with, the parties did have a contract to have arbitration, and we did go through an arbitration. Now, that contract also says that the parties agree that the FAA will govern. And the FAA includes Section 13 of the FAA, which, as I've stated several times already, treats a judgment on an arbitration award the same as any other judgment. So proceedings post-judgment fully comply with the contractual arrangement that the parties had in this case. Also, this does not undermine the finality of awards. This is exactly the procedure that the FAA contemplates. And I don't agree that this will happen in all cases. Post-judgment relief motions are not brought all the time. And courts don't routinely vacate and modify judgments. And one of the reasons for that is courts will take into account the importance of finality of a judgment in deciding whether it's appropriate to grant some relief. So whether relief is actually warranted here is another issue, a separate issue that the circuit court did not reach, and we didn't even get to that because of the court's two legal errors. Well, let's assume we did get to it. Tell me why it would make a difference in this case. Why the … Even if you reached your desired goal of having the court consider post-judgment relief, why it would make a difference in this case. It would make a difference in this case, Your Honor, because the ACWA agreement, as the city has argued in its petition, will eliminate the premise for CLP's future damages. Well, what about the fact that there's not even a locked agreement? You have contingencies sitting out there in the agreement in the first place, don't you? Your Honor, we addressed all the contingencies that CLP raised in their brief. None is well-founded. The major contingency is simply whether the circuit court will reduce the judgment to a certain amount. If it doesn't, then it doesn't. If the circuit court knocks off $39 million instead of $40 million, then it isn't in effect. If the city council doesn't approve it, it's not in effect, right? Right, but there's certainly no reason to expect the city council wouldn't approve a substantial savings. Well, let's go to the issue of whether they – which you claim that consideration of something that wasn't in existence at the time of the arbitration award and was never presented to the arbitrators as an option could be considered. And your claim is that that would have precluded the entry of the judgment that you sought to be entered. We sought that the judgment be entered because the judgment has to be entered before a post-judgment relief motion can be brought against it. And the only reason – the court basically has very little discretion whether or not to enter a judgment, as we point out. But you filed the information related to that agreement with ACWA to the circuit court before it entered the judgment and urged the entry of the judgment even after apprising the court of the existence of the agreement. Right. And yet your theory appears to be that that very agreement would preclude the entry of the judgment. Your Honor, it doesn't preclude the entry of judgment. The only thing that can preclude the entry of judgment under the FAA is a challenge under Section 10 or 11. And since that wasn't there, it was basically ministerial. The circuit court had to enter a judgment. And this is no different than the procedure in AIG Baker. There, too, the information that the movement wanted was the basis for the movement's motion to modify the judgment was known to everybody before the judgment got entered. It's just a procedure. What about the speculative amount that this would affect the underlying arbitration if you ever got to the merits of the arbitration? Because the arbitration award doesn't even delineate between past and future damages. And, Your Honor, again, I just want to emphasize this is just one of the many, many things that did not get litigated in the circuit court because the circuit court would not even get to these issues. So a lot of these things are not developed, and that's because of the circuit court's two legal errors. You know, I can represent, if you'll permit me to give an answer a little of it outside the record, that it would not be a complicated calculation to cut the dates off, to cut damages off at a certain date based on the evidence that was adduced. And if the circuit court believed further development was necessary, the circuit court could order that. But at this point ñ Again, breaching the finality of it. Your Honor, it's our position that Section 13 allows this sort of consideration. Did the city ask for a delineation between the present and the ñ or, excuse me, the past and the future damages to the arbitrators? I'm not sure of the answer to that, Your Honor. I don't recall that they did. Yeah, the whole ñ the record of the whole arbitration is not in this record. I know. Only the award is. And it is very clear from the evidence, my understanding, what I've seen, that was adduced at the arbitration. You know, the expert had a chart, and it was very clear what they, you know, ran by date. There were four experts, right? The one that ñ it's very clear the arbitrators rested their award on, you know, the primary expert of CLP. And it's clear from his report and charting how the damages would be, you know, reassessed at that point. Which we, again, explain is fully consistent with the purpose of the FAA. Turning just briefly to Illinois law, which was the second legal error made by the circuit court, there's nothing in the statutory language of the post-judgment relief statutes in Illinois that sets any time frame on the kind of evidence that can be considered. And the courts do allow consideration of evidence of post-judgment conditions. For example, in Said, the court considered post-judgment evidence that the plaintiff was now in the country when before the judgment he was not in the country. In Cipriani, the court considered a FEMA report that was obtained by the movement after the judgment. And in Wolfe, the court allowed a post-judgment statement by the ex-wife after the custody hearing had already concluded and gone to judgment. And the same thing was true in Hopkins. So, therefore, that the city's petition was likewise supported by post-judgment conditions was no basis to outright dismiss the city's petition. And the city's petition was also consistent with the cases that describe a requirement that the new evidence must relate to facts in existence before the judgment. The ACWA agreement plainly relates to facts in existence pre-judgment that the ACWA would accept public parking for the next 92 years. So, in fact, the new evidence here would completely eradicate that factual predicate for CLP's future damages. In short, the FAA and Illinois law authorized petitions like the city's and the circuit court erred as a matter of law in dismissing it. And I'd like to save a few minutes for rebuttal if the court has no further questions. Thank you. Thank you. May it please the court. Counsel for the city acknowledged just now that if it is a challenge to the award, you are limited to sections 10 and 11. And there's some debate in the briefs as to what decisions we are actually considering here. There's a decision on the merits, who decided the damages, and that's the arbitrators who decided that. And then there's a very narrow decision to confirm the award or vacate the award here confirmed that Judge Hall completed. Here there is no question, and Judge Hall could determine this on the face of the petition, that this is an attempt to use a post-judgment relief motion, that they call it, to attack a determination of the arbitrators, which is the award. Paragraph 7 of the petition at the common law record at page 6 says, the city asks this court to enter the arbitration award, stay the judgment, and reduce the award. Paragraph 36, the city asks the court to modify the award. Paragraph 45, these subsequent events justify modifying the award. It goes on. I have several other examples. Was there a way, in your view, that post-arbitration decision that the city could have legitimately raised a contract eliminating the issue of future damages and thereby reaching the merits of the award? No, not under these circumstances. Well, are there circumstances under which they could have? Under the facts of a new agreement entered into after the award, no, because sections 10 and section 11 do not allow the consideration of newly discovered evidence. Is that equitable? It is equitable, in fact. Well, if you've gone to arbitration saying, for the next 91 years, my clients are going to be damaged by the actions that have occurred, and the party that you were litigating against says, after the fact, we'll fix it, we'll eliminate it so that you have absolutely no damages in the future for the next 91 years, is it equitable to then say, no, we'd rather have this money now and go ahead, damage us over the next 91 years? It is, Your Honor. Why? Because the contract for which CLP paid $563 million is not just a contract for a lease of garages. It's a contract for a competing parking provision, which is an anti-competitive provision, and an arbitration clause. And the way the contract works, and the arbitrators struggled with this, and you can see it in their award, they made a determination based on the contract that they must decide all damages now based on the reasonable net present value at the time of the competing parking action. And so what is equitable here is to enforce the contract for which CLP paid a very large amount of money and do what the arbitrators were required to do and enforce that. Well, you've just told me that the task, the difficult task of the arbitrators, was to assess not only the damage, but the present cash value of damages going forward 91 years. I mean, you could eliminate cars in 91 years. I mean, this is a very difficult job for the arbitrators to do, and it's based upon differing opinions of people who are all looking into their crystal ball and saying this is what we think the cost of damages will be in the future, and this is what we think the present cash value of that would be. Now, the arbitrators have a difficult decision of trying to credit and analyze the opinions of these experts and come up with their best guess as to what those damages are and what the present cash value of the damages are, but the city is saying we have a way to take all that guesswork out of it. We'll just get rid of all those future damages. Isn't it equitable to give them a chance to do it? It's not. The arbitrators did have a difficult task. You're right, and at the arbitration, they looked to Illinois law in this situation. They cited the Trigee case, for example, that says when you have to have future damages, and this happens in a wide variety of contexts. It's not just in this contractual situation. The judges or the arbitrators in this case have to do their best to render a decision, and they have to do it once and only once, and that's consistent with the contract. It's consistent with the single recovery principle of the law, and there are good reasons why the law is that way. The city says it's changed the facts here. We dispute whether it really has, as your questions got to some of those points. The facts are changing every day, and they will change for the next 91 years. But your clients think they had a pretty good deal now with the $58 million. Our client is entitled to the award that it got under the contract. I would tell you that perhaps our client does prefer this deal to the deal that the city negotiated on the side with another party. That's why we're here, of course. But the city got $563 million in a deal that it offered, and one of the things that we got for that was this provision. And we're not getting into, and this court certainly doesn't have the authority to get into because it has to be arbitrated whether that was a good deal either. And so we think that the equitable thing to do here, and what all the cases say, you're right, AIG Baker is really the one case that they cite that is for them, but it is easily distinguishable. And that case says, in fact, this case is different. It is about partial payment of an award. So it's very different. There's no authority to do this. And when you look at the whole picture, it is very much equitable to let us have what we contracted for and what we deserve. And Judge Hall, just to make it clear, ruled that below. The city is taking the tactic that this should be remanded because there were two purely legal decisions made. In fact, Judge Hall below said, and I'm quoting here, this is on page 611 of the record, the cases applying section 1203 and 1401, under which petitioner relies, provide no analog for exercising equity in the circumstances of this case to consider facts created after the arbitration proceedings ended. Let's take a step back here for a second. What's happened here is the city went to arbitration after three and a half years, lost, didn't get what they wanted, and then wanted another try. That's not equitable. That's not how our system is supposed to work, whether it's at arbitration or trial. And this is more on the Illinois law piece of this. You aren't allowed to take one position at trial. And at the arbitration here, to be clear, the city conceded, didn't argue, conceded that there was liability for the next 91 years, conceded that it was appropriate to have future damages, and had their own expert opine that there were damages for the next 92 years. If anyone was supposed to decide this and whether it was fair or equitable or what was going to happen, it had to be the arbitrators under the contract. And the city in the arbitration tried to take any argument about that away from them because they conceded that what the arbitrators were supposed to do was decide damages now and that there would be damages for that period of time. It would be wildly inequitable to let them take that position, lose at the arbitration, and then negotiate an agreement with a third party, not with us, that undermines all of that determination. And so for both under the FAA, where there's no legal basis, and under Illinois law, we think it's a fairly easy case for us to win. You say it would be inequitable for them to take away the determination of the future damages and to eliminate the possibility that there will be any future damages. So what you say it's inequitable to do is to remove the dollars for an injury that hasn't happened yet, which the city argues they can prevent from ever happening. The injury that we're talking about under the contract, and it's defined, and CLP paid $563 million for this contract, which the city put out to bid, the injury is a competing parking action, which here took place on May 1, 2009. That injury took place... No, but you're talking about semantical difference here, because once you get past the fact that it's conceded that it was a competing parking action, there are two elements to the damages for that. What has happened in the past and what you hope or expect or anticipate will happen in the future. And at that point, removing the potential for damages is one way to look at it. The other way is, as you say, to put on blinders and say, the only thing is this is one unified number for all the damages past and future. But I'm sure that wasn't the way your evidence came in at the arbitration. There was, this is what it's cost us in the past, and this is what we anticipate it would cost us in the future. It's actually interesting that you say that, and although it's outside the record, I was counsel at the arbitration, and our expert said, this is the damage number, and the city attempted at various times to divvy it up among time periods. But isn't it selfish for you to even suggest that somebody could come up with that number without anticipating, analyzing both past and future? Of course this involves future damages. I'm not trying to suggest otherwise. What I am trying to suggest is that the arbitration panel had a job to do under the contract. It did that, and as your question earlier pointed out, in the award, which this court cannot disturb given the concession about Sections 10 and 11, they did not break it up. It is a $58 million award. And you're right, a lot of that is future damages. A majority of it is future damages by definition. I don't agree with the Council of the City that it is so easy or mechanical to break it up, certainly not on the face of the award and even on the face of the record, given the complexities that are introduced by this agreement. I take that as speculation anyway. Right. I understand the argument about equity, and this is frankly the one question we anticipated getting. I'm glad we didn't disappoint. Is that the city thinks that it's unfair to have to pay more than it wants to pay. No, I don't think that's what – I think that's an unfair characterization. The want to really isn't part of it. They're saying we can eliminate this, and the number that the – but what they're honestly saying is the number that the arbitrators came up with hit us between the eyes, and we're going to try to see if there's some way to cut that and eliminate the damages because we think it's an unfairly high number. And they apparently have negotiated a contract that gives them at least the potential, and don't get into the speculation part of it again, but at least the potential of eliminating those damages because they think the arbitrators were too high. That's the reality of the situation. I totally agree with that, and their petition itself says that. It says that after they lost the arbitration, they promptly entered into an attempt to mitigate it. There's nothing equitable about making a strategic decision for three and a half years to let this garage be open, to concede that it will go on for 92 years, and then when the result doesn't turn out to be what they want, to be creative and come up with another idea, notwithstanding what our rights are. So I think there are strong equities on our side, and for the judicial system itself to not allow people to keep taking a second and third and fourth bite at the apple, particularly when the contract says you're not supposed to do that. Anything further? All I would say is bringing it back to the Federal Arbitration Act. Arbitrations are meant to be final. They're meant to be speedy. All of the U.S. Supreme Court cases say that, Hall Street in particular, and what's attempted here five years into this process is an attempt to continue to litigate and re-litigate these issues, and we don't think that's what the FAA allows. We also didn't spend a lot of time talking about it, but we don't think that that's what Illinois law allows, either equally strong grounds that Judge Hall set forth, and we would ask this panel to affirm. Thank you. Thank you very much, Your Honors. A few quick points, Your Honors. The city does not ask to re-litigate the arbitration award. Section 13 allows post-judgment challenges. That's Section 13 of the FAA's plain language. There is no basis to claim we are attempting to attack the award. This is classic post-judgment relief based on post-judgment circumstances. For an example, the court can look at the congressional security case that CLP cites. That case, the court found the parties were really attacking the award because they were trying to say that the arbitrators excluded evidence that should have been admitted at the award. So let's take the situation, Ms. Casper, where you have expert witnesses in an injury case assessing damages based upon the fact that somebody has lost the use of their legs and will never regain them, and then after the arbitration is over, the person is able to regain use of their legs and walk again. Would that be a basis for doing what you're asking in this case? No. Why not? Because in that case, that is a situation where we're talking about predictions and prophecies, and we never know what might or might not happen with a person's leg in that situation. This is not what happened here. You're saying that people will continue to have automobiles, continue to park them for the next 91 years, and that the people speculate as to what the cost will be to park those cars over the 91 years, and there's a lot of speculation. Right, and all of that was the basis of opinions and litigation at the arbitration award. But the one thing that was a fact was this was going to go on for 92 years, and all we are asking is that the date be cut off to prevent the future injury. We're not saying, well, they'll get fewer cars. We're saying there's going to be no cars public parking at the ACWA anymore, and that is not a subject of prophecy or opinion. That is just a simple fact. How long is this going to last? It was 92 before, and now we're saying it can be over. And there is nothing inequitable about taking away an injury completely, and that's what the city's petition proposes to do. We are not challenging the finality of the arbitration as it was entered. Any more than any other motion goes after a judgment. This is just like a post-judgment motion in any other case. The law allows for such a challenge under limited circumstances, and we ask that the judgment be reversed and the case be remanded so that the circuit court can consider the petition on its merits, which it did not do. Thank you, Your Honors. Thank you. A decision will be coming down pretty soon since two of the appellate court members here will be retiring. Thank you both for a very well-presented argument. Thank you, Your Honors.